UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

_____

|  |  |  |
|---|---|---|
| NICOLE PONTIKOS, | : | CASE NO. 1:20-cv-02163 |
|  | : |  |
| Plaintiff, | : | OPINION & ORDER |
|  | : | [Resolving Doc. 20] |
| vs. | : |  |
|  | : |  |
| AMERICAN MEDICAL | : |  |
| TECHNOLOGY, INC, | : |  |
|  | : |  |
| Defendant. | : |  |

_____ :

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Nicole Pontikos sues her former employer, Defendant American Medical Technology, Inc, ("American Medical").  Plaintiff Pontikos claims American Medical violated the Family Medical Leave Act and Emergency Family and Medical Leave Expansion Act.[1]

Now, Plaintiff moves for a protective order and the return of certain emails, claiming they are attorney-client privileged.[2]  Defendant opposes, arguing Plaintiff waived privilege.[3]

For the following reasons, the Court **DENIES** Plaintiff's motion.

I.      Background

From 2016 to July 2020, Plaintiff Pontikos worked for Defendant American Medical.[4] In April 2020, Pontikos went on family leave.[5]  Then, Pontikos's supervisor, Dan Filler, began monitoring her company email account to ensure Pontikos was timely replying to messages.[6] During this monitoring period, Filler saw an email between Pontikos and her divorce

---

[1] Doc. 1.
[2] Docs. 20, 22.
[3] Doc. 21.
[4] Doc. 1.
[5] *Id.*
[6] Doc. 21-3.

Case No. 1:20-cv-02163
GWIN, J.

attorney.[7]  Defendant produced the email in discovery.  American Medical plans to use the email to show that (1) Plaintiff handled personal business on company time, and (2) Plaintiff may not have been truthful in her leave request.[8]

American Medical's "Electronic Communication and Internet Use Policy" ("Email Policy") states in relevant part:

> Although each user has an individual password to access AMT's voice mail and email systems, the systems and any and all voice mail or email messages composed, sent or received by company personnel are the property of AMT. AMT reserves the right to access, review and disclose any user's electronic files, voice mail and e-mail communications, and voice mail and e-mails usage at any time for any business purpose.  Therefore, you should not assume that voicemail or e-mail messages are private or confidential.  While occasional and incidental personal use of voice mail and e-mail systems are acceptable, excessive and/or inappropriate personal use of these systems is a violation of this policy.[9]

Pontikos signed an acknowledgement form, attesting that she received and agreed to read and comply with the email policy.[10]

Plaintiff and her divorce counsel assert attorney-client privilege over the email.[11] Additionally, Pontikos and her counsel claim privilege over more than 60 emails sent to and from Plaintiff's company email account between 2017 and 2020.[12]  Consequently, Plaintiff moves for a protective order and for the return of the ostensibly privileged emails.[13]

---

[7] Doc. 21-3.
[8] Doc. 21.
[9] Doc. 23-2.
[10] Doc. 23-1.
[11] Docs. 20, 20-1.
[12] Doc. 20.
[13] *Id.*

Case No. 1:20-cv-02163
GWIN, J.

Defendant responds that Pontikos waived attorney-client privilege when she used her company email to correspond with her counsel.[14]  In addition, Defendant represents that it intends to use only the email that it produced in discovery.[15]

## II.     Discussion

Under the common law attorney-client privilege, "(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived."[16]

Confidentially is an essential element of attorney-client privilege.  Accordingly, courts have held that a client waives attorney-client privilege when the client communicates in circumstances where the client could not reasonably believe the communications were confidential.[17]

Courts consider four factors to determine whether a client could reasonably believe her communications were confidential: (1) whether the company "maintain[s] a policy

---

[14] Doc. 21.

[15] *Id.*

[16] *State ex rel. Leslie v. Ohio Hous. Fin. Agency*, 824 N.E.2d 990, 995 (Ohio 2005) (quoting *Reed v. Baxter*, 134 F.3d 351, 355–56 (6th Cir. 1998)).

[17] *See In re Asia Global Crossing, Ltd.*, 322 B.R. 247, 258 (Bankr. S.D.N.Y. 2005) ("Thus, the question of privilege comes down to whether the intent to communicate in confidence was objectively reasonable."); *see also Pinnacle Surety Servs., Inc. v. Manion Stigger, LLP*, 370 F. Supp. 3d 745, 752–54 (W.D. Ky. 2019); *Mason v. ILS Tech., LLC*, No. 3:04-cv-139-RJC-DCK, 2008 WL 731557, *4 (W.D.N.C. Feb. 29, 2008) ("If Plaintiff lacked knowledge of the email policy, and Defendant cannot show that Plaintiff was notified of that policy, then Plaintiff had a reasonable expectation of privacy and confidentiality in his email communications with his personal attorney."); *U.S. v. Finazzo*, No. 10-cr-457 (RPM)(RML), 2013 WL 619572, *7 (E.D.N.Y. Feb. 19, 2013) ("Finazzo's claim of privilege turns on whether he had a reasonable expectation that the attorney-client communications would remain confidential despite being stored on his employer's servers.") (internal quotations and citations omitted).

- 3 -

Case No. 1:20-cv-02163
GWIN, J.

banning personal or other objectional use," (2) whether the company monitors employees' computer or e-mail use, (3) whether "third parties have a right of access to the computer or e-mails," and (4) whether the company notified employees of its use and monitoring policies.[18] No one factor is dispositive.[19] Generally, courts focus the inquiry on the specific policy language and the employee's knowledge of that policy.[20]

The Court finds that Pontikos's intent to speak in confidence with her attorney was not objectively reasonable. First, American Medical allows only limited personal use of the company's email system. Second, the Email Policy states that American Medical may monitor employees' email. And as this dispute shows, Defendant does, in fact, review its employees' email use. Third, the Email Policy says that American Medical may disclose employee emails, presumably to third-parties. Finally, Plaintiff received a copy of Defendant's Email Policy. Accordingly, Plaintiff waived her attorney-client privilege when she used her American Medical email account to communicate with her divorce counsel.

### III.   Conclusion

The Court **DENIES** Plaintiff's motion for a protective order and for the return of certain emails.

IT IS SO ORDERED.

Dated: February 18, 2021            s/      *James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE

---

[18] *In re Asia Global*, 322 B.R. at 257; *Bingham v. Baycare Health Sys.*, Case No: 8:14-cv-73-T-23JSS, 2016 WL 3917513, *2 (M.D. Fla. July 20, 2016); *Finazzo*, 2013 WL 619572 at *7; *Pinnacle Surety Servs.*, 370 F. Supp. 3d at 752–54.
[19] *See Pinnacle Surety Servs.*, 370 F. Supp. 3d at 753.
[20] *See Bingham*, 2016 WL 3917513 at *2–4.